IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREATEADS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 12-1609-GMS |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| SQUARESPACE, INC. | ) |
| | ) |
| Defendant. | ) |

## SQUARESPACE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant SquareSpace, Inc. ("SquareSpace") hereby answers the Complaint filed by Plaintiff CreateAds LLC ("CreateAds" or "Plaintiff"), based upon actual knowledge as to itself and its own actions and upon information and belief as to all other persons and events, as follows:

### BACKGROUND

1. SquareSpace lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies such allegations.

2. SquareSpace admits that U.S. Patent No. 5,535,320 ("'320 patent"), on its face, is entitled "Method of Generating a Visual Design," bears an issue date of July 9, 1996, and an Application Serial No. of 268,613, filed July 1, 1994, and claims priority to United Kingdom Patent Application No. 9313761, filed July 2, 1993. SquareSpace admits that a copy of the '320 patent is attached as Exhibit A to the Complaint. SquareSpace lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore denies such allegations.

## THE PARTIES

3. SquareSpace lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies such allegations.

4. SquareSpace admits that it is a Delaware corporation having a principal place of business at 459 Broadway, 5th Floor, New York, New York 10013. SquareSpace admits that it has appointed Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, Delaware 19901, as its agent for service of process.

## JURISDICTION AND VENUE

5. SquareSpace admits that the Complaint purports to state claims that arise under the patent laws of the United States, Title 35 of the United States Code. SquareSpace admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) of the claims stated in the Complaint.

6. SquareSpace admits that it is a Delaware corporation. SquareSpace admits that it sells and offers for sale its products and services within the State of Delaware. SquareSpace denies that it directly and/or through third-party intermediaries, makes, uses, and/or imports products and services in the State of Delaware. SquareSpace denies that it has "committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by [the '320 patent] in Delaware," or any other judicial district. SquareSpace submits that the remaining allegations in paragraph 6 of the Complaint contain only legal conclusions to which no response is necessary. To the

extent a response is required, SquareSpace denies the remaining allegations contained in paragraph 6 of the Complaint.

7. SquareSpace denies that it has "committed and continues to commit acts of direct and indirect infringement by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by [the '320 patent] in Delaware" or any judicial district. SquareSpace admits that it is incorporated under the laws of the State of Delaware. SquareSpace submits that the remaining allegations in paragraph 7 of the Complaint contain only legal conclusions to which no response is necessary. To the extent a response is required, SquareSpace denies the remaining allegations contained in paragraph 7 of the Complaint.

## SQUARESPACE'S ANSWER TO COUNT I

### Alleged Infringement of U.S. Patent No. 5,535,320

8. SquareSpace denies the allegations contained in paragraph 8 of the Complaint.

9. SquareSpace admits that on November 28, 2012 it received a letter from Mr. Alexander C.D. Giza of Russ August and Kabat, dated November 27, 2012, alleging representation of CreateAds and including a document purporting to be a copy of the '320 patent as an attachment. SquareSpace denies the remaining allegations contained in paragraph 9 of the Complaint.

10. The statements in paragraph 10 of the Complaint are not statements of fact to which SquareSpace is required to respond.

11. SquareSpace lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies such allegations.

12. SquareSpace denies the averments and allegations in paragraph 12.

13. SquareSpace denies the averments and allegations in paragraph 13.

## SQUARESPACE'S RESPONSE TO REQUESTED RELIEF BY PLAINTIFF

SquareSpace denies that CreateAds is entitled to the relief requested or to any relief whatsoever.

## SQUARESPACE'S AFFIRMATIVE DEFENSES

14. For its affirmative defenses to the allegations of the Complaint, SquareSpace avers as follows:

## SQUARESPACE'S FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

15. SquareSpace has not directly or indirectly infringed, and is not infringing, in any manner, any valid claim of the '320 patent, and no valid claim of the '320 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any SquareSpace product or service.

## SQUARESPACE'S SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity)

16. The '320 patent is invalid for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SQUARESPACE'S THIRD AFFIRMATIVE DEFENSE

### (Laches)

17. The doctrine of laches bars CreateAds from obtaining all, or part, of the relief it seeks.

## SQUARESPACE'S FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

18. SquareSpace reserves the right to assert any and all additional affirmative defenses that may be ascertained during the course of discovery, including, but not limited to, unenforceability, estoppel, including but not limited to prosecution history estoppel and equitable estoppel, unclean hands, waiver, misuse, standing, compliance with marking requirements of 35 U.S.C. § 287, barring of an award of costs to CreateAds by determining that this is an action for infringement of a patent containing an invalid claim under 35 U.S.C. § 288 and/or that CreateAds cannot prove that this is an exceptional case pursuant to 35 U.S.C. § 285, etc.

## COUNTERCLAIMS

19. Defendant and Counterclaim-Plaintiff, SquareSpace, as and for its Counterclaim against Plaintiff and Counterclaim-Defendant, CreateAds, alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

20. Jurisdiction as to these Counterclaims is conferred on this Court by 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

21. SquareSpace is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 459 Broadway, 5th Floor, New York, New York 10013.

22. Upon information and belief, CreateAds is a Limited Liability Company organized under the laws of the State of Delaware.

23. This Court has personal jurisdiction over CreateAds by virtue, *inter alia*, of its filing of a Complaint against SquareSpace in this Court.

24. On November 29, 2012, CreateAds filed a Complaint in this Court seeking enforcement of the '320 patent against SquareSpace, which alleged, *inter alia*, that SquareSpace "has been and still is infringing one or more claims of the ['320 patent], literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, template-based visual design generation products and services, including, but not limited to, the template-based visual design generation software offered on the www.squarespace.com website," and that SquareSpace "has induced infringement of the ['320 patent] since at least this time by providing instructions and assistance to users/customers on how to utilize the products and services offered on the SquareSpace website." The Complaint further alleged that "CreateAds has suffered monetary damages," and that if SquareSpace is not enjoined from allegedly infringing the '320 patent, "CreateAds will be greatly and irreparably harmed."

25. CreateAds purports to be the owner of the '320 patent.

26. By filing the Complaint herein, CreateAds asserts that the claims of the '320 patent are valid.

27. By virtue of the averments of CreateAds' Complaint in this action against SquareSpace, and SquareSpace's answer thereto, an actual controversy exists between CreateAds and SquareSpace as to whether the '320 patent is invalid, and/or not infringed by SquareSpace.

## COUNT I

### (Declaratory Relief -Non-infringement)

28. SquareSpace incorporates by reference paragraphs 19-27 of the Counterclaims.

29. SquareSpace has not directly or indirectly infringed, and is not infringing, in any manner, any valid claim of the '320 patent, and no valid claim of the '320 patent can be properly

construed to cover the manufacture, use, sale, importation, or offer for sale of any SquareSpace product or service. SquareSpace is entitled to a declaratory judgment to that effect.

30. SquareSpace seeks a declaration from this Court that it does not directly or indirectly infringe any claim of the '320 patent either literally or under the doctrine of equivalents.

31. In the alternative, SquareSpace seeks a declaration from this Court that any alleged infringement by SquareSpace would not be actionable by CreateAds by virtue of one or more of the Affirmative Defenses listed above in the Answer and Counterclaims.

## COUNT II

### (Declaratory Relief - Invalidity)

32. SquareSpace incorporates by reference paragraphs 19-31 of the Counterclaims.

33. One or more claims of the '320 patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including, among other things, the requirements of Sections 101, 102, 103, and 112 contained therein and SquareSpace is entitled to a declaratory judgment to that effect.

34. In the alternative, SquareSpace seeks a declaration from this Court that CreateAds is precluded from seeking any relief for the alleged infringement by SquareSpace by virtue of one or more of the Affirmative Defenses listed above in the Answer and Counterclaims.

## COUNT III

### (Declaratory Relief – Unenforceability due to Laches)

35. SquareSpace incorporates by reference paragraphs 19-34 of the Counterclaims.

36. On information and belief, CreateAds and/or the prior owners of the '320 patent have been, or should have been, aware of SquareSpace's website, products, and/or services for many years.

37. On information and belief, CreateAds and/or the prior owners of the '320 patent delayed bringing a patent infringement lawsuit against SquareSpace.

38. On information and belief, this delay is unreasonable and unexcusable.

39. CreateAds' delay has caused economic and/or evidentiary prejudice to SquareSpace.

40. CreateAds is barred in whole or in part from enforcing one or all claims of the '320 patent, or otherwise barred from obtaining damages for any alleged infringement of one or all claims of the '320 patent under the doctrine of laches and SquareSpace is entitled to a declaratory judgment to that effect.

41. In the alternative, SquareSpace seeks a declaration from this Court that CreateAds is precluded from seeking any relief for the alleged infringement by SquareSpace by virtue of one or more of the Affirmative Defenses listed above in the Answer and Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE,** SquareSpace requests that the Court enter judgment for SquareSpace and against CreateAds by:

a) Dismissing CreateAds' Complaint in its entirety with prejudice;

b) Declaring that SquareSpace has not and does not directly or indirectly infringe (either literally or under the doctrine of equivalents), any valid and enforceable claim of the '320 patent;

c) Declaring that CreateAds is not entitled to the relief prayed for in its Complaint, or any relief whatsoever;

d) Declaring that no damages or royalties are due or owed by SquareSpace to CreateAds for any of the acts alleged in the Complaint;

e) Declaring that the '320 Patent is invalid, unenforceable, and/or not infringed;

f) Awarding SquareSpace all costs and fees, including reasonable attorneys' fees, incurred in connection with this action; and

g) Awarding such further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), SquareSpace hereby demands a trial by jury of all issues so triable in this action.

| | |
|---|---|
| OF COUNSEL:<br><br>Marvin S. Gittes<br>Boris A. Matvenko<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>666 Third Avenue<br>New York, NY 10017<br>Telephone: (212) 692-6247<br>Facsimile: (212) 983-3115<br><br><br><br>Dated: January 24, 2013 | /s/ Travis S. Hunter<br>Frederick L. Cottrell, III (#2555)<br>Travis S. Hunter (#5350)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>cottrell@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Defendant Squarespace, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and have also served the parties below as noted:

**E-MAIL**

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Marc A. Fenster
Alexander C. D. Giza
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
agiza@raklaw.com

*/s/ Travis S. Hunter*
Travis S. Hunter (#5350)
hunter@rlf.com